third, that it does not know who received the money on the forgeries, nor what names of banks or other persons are indorsed on the instruments alleged to have been forged.

As to the first point, it is apparent that proof that plaintiffs' name was forged must be made by plaintiffs. It is the very essence of their affirmative case; and I can see no necessity for an examination of plaintiffs by defendant in that respect. Indeed, examinations for such purposes are expressly discountenanced. Ehrich v. Root, 122 App. Div. 719, 107 N. Y. Supp. 846. Second. The fact that defendant has no information as to facts concerning the forger's alleged authority which it hopes exists and which if proved might form a defense is surely no ground for examining the adverse party, particularly as no such issue is raised by the pleadings. Reynolds v. Callan, 134 App. Div. 732, 119 N. Y. Supp. 135. Third. For an examination of documents which it may require in its defense defendant should apply for a discovery. The information which defendant apparently desires to elicit on the examination before trial is of a character to be obtained by a bill of particulars, a motion to make the complaint more definite and certain, or a discovery. It is not the function of an examination before trial to permit the party applying therefor to elicit information which it hopes may be of advantage to it upon the trial. The affidavit in the case at bar significantly omits to state that the deposition to be obtained will be read upon the trial. This fatal omission is not cured by any indication elsewhere in the moving papers that it is to be so used. On the contrary, I am inclined to the opinion, gathered from the moving papers and the brief of appellant's counsel, that the evidence expected to be obtained by the examination is not intended for use upon the trial. From the character of the issues and the papers submitted on the motion, such evidence appears likely to disprove rather than to sustain the defense.

The order should be affirmed.

---

(78 Misc. Rep. 35.)

SCHNABEL et al. **r.** HANOVER NAT. BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   October 23, 1912.)

1. BANKS AND BANKING (§ 154*)—PAYMENT OF FORGED PAPER—ESTOPPEL—PLEADING—SUFFICIENCY.

    In an action for the conversion of the proceeds of checks drawn to plaintiff's order upon defendant bank, in which it was sought to be alleged in the answer that plaintiff's indorsements to the checks were forged by his employé, and that plaintiff did not give notice of such fact to defendant, the answer alleged that plaintiff "had knowledge or means of ascertaining, or notice or knowledge of facts sufficient to put them on inquiry as to the facts." Held, that the answer did not sufficiently allege knowledge of the forgeries by plaintiff, so as to estop him from asserting defendant's responsibility for paying out the money on the checks.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 514–533; Dec. Dig. § 154.*]

**2. PLEADING (§ 34\*)—CONSTRUCTION OF PLEADINGS.**

An answer must be interpreted in the light of the facts alleged therein, and not in the light of what defendant's counsel asserts in his brief he intended to plead.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75; Dec. Dig. § 34.\*]

**3. BANKS AND BANKING (§ 148\*)—PAYMENT OF FORGED PAPER—KNOWLEDGE —ESTOPPEL.**

One whose name was forged to an indorsement of checks which were paid by defendant bank was not under a duty to give notice to the bank of the forgery until he had knowledge of the facts tending to show it, and was not estopped from asserting lack of knowledge, unless he was guilty of negligence in ascertaining the facts so gross as to preclude him from doing so.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 438–452; Dec. Dig. § 148.\*]

Appeal from City Court of New York, Special Term.

Action by Richard A. Schnabel and another against the Hanover National Bank of the City of New York. From an order sustaining a demurrer to certain defenses, defendant appeals. Affirmed, with leave to apply for leave to plead over.

See, also, 137 N. Y. Supp. 725.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Bernard J. Douras, of New York City (Franklin Bien and Hartley G. Pelletier, both of New York City, of counsel), for appellant.

Hirsch, Scheuerman & Limburg, of New York City (Henry L. Scheuerman, of New York City, of counsel), for respondents.

SEABURY, J. The defendant appeals from an order sustaining a demurrer to 11 alleged defenses pleaded to as many causes of action set out in the complaint. The complaint alleges separate causes of action for conversion. The subject of the conversion is alleged to be the proceeds of a separate check drawn by the Dime Savings Bank of Detroit to the order of these plaintiffs for a specified sum upon the defendant bank. The complaint alleges that at the time the check was drawn the Dime Savings Bank of Detroit had on deposit with the defendant bank money sufficient to pay the check so drawn, that the plaintiffs became the owners of said check for value, and that the defendant converted said check. The complaint further sets forth that said check purported to be indorsed by the plaintiffs, but that said indorsement was a forgery, and not made by the plaintiffs or their authority, and that the defendant paid the amount of said check to persons other than the plaintiffs, who were not authorized by the plaintiffs to receive the same. The 11 alleged defenses to which the court below sustained the demurrer are set forth in substantially similar language. The evident purpose of the defenses, as illuminated by the appellant's brief, appears to be to allege that the plaintiffs' indorsements to the checks in question were forged by an agent or employé of the plaintiffs, and that the plaintiffs had knowledge of the fact

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that their agent was forging their indorsements to checks made payable to their order, and that, notwithstanding such knowledge, the plaintiffs refused to give notice of this fact to the defendant bank.

[1] Upon such an interpretation of its pleading, the defendant's counsel seeks to invoke the doctrine of estoppel against the claim upon which the plaintiffs seek to recover. The difficulty with the case from the standpoint of the defendant is that the question as to whether or not the plaintiffs were estopped by reason of their conduct from maintaining the present action is not raised by the allegations of the defendant's pleading.

[2] The pleading must be interpreted in the light of that which it alleges, and not in the light of what counsel in his brief may assert he intended to plead. Tested by this standard, it is clear that the defendant's pleading is insufficient, and that the learned court below was correct in so regarding it. The pleading itself cannot fairly be held to allege knowledge of the forgeries on the part of the plaintiffs. Instead of so doing, it alleges in the alternative that the plaintiffs had "knowledge, or means of ascertaining, or notice or knowledge of facts sufficient to put them upon inquiry as to the facts." The legal effect of this plea is that the plaintiffs had the means of ascertaining that checks purporting to bear the indorsement were being presented for payment at banks in New York City, and that the indorsements upon said checks were forgeries.

[3] The duty to give notice to the defendant bank, assuming that, in fact, such a duty existed, could not, under any circumstances, arise until the plaintiffs had knowledge of the facts, or had been guilty of negligence so gross as to preclude them from asserting a lack of knowledge. In the alleged defenses before us, no facts are set forth which show, either knowledge on the part of plaintiffs, or that they were guilty of such negligence as to preclude them from asserting a lack of such knowledge. The pleading in its present form is replete with conclusions, but quite barren of facts, nor does the fact that the pleader characterizes his alleged defense as the defense of "laches" entitle it to any greater weight than it would have without being so characterized. This is evident when it is appreciated that this alleged defense of "laches" is interposed to a common-law action of conversion. It may be, as the brief of counsel for the defendant indicates, that more persuasive facts are known to him than his pleading discloses. We are satisfied that the alleged defenses are insufficient in law upon the face thereof, and that the demurrers were properly sustained. It is suggested that, if the demurrer is sustained, counsel should be accorded an opportunity to plead over. We think that, if the defendant desires this privilege, it should apply for it in the court below, where the court may be in a position to inquire as to the merits of such an application.

Order affirmed, with $10 costs and disbursements, and with leave to the defendant to apply to the court below for leave to plead over. All concur.